**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | **CRIMINAL ACTION** |
| v. | ) | No. 13-10047-01 |
| RIGOBERTO NAVARRETE-PENA, Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the court is defendant's pro se motion pursuant to 28 U.S.C. § 2255 (Doc. 25).

The files and records reflect that defendant was charged in a four count indictment with being an illegal alien in possession of a firearm, possession of a stolen firearm, possession of a firearm by an unlawful user of a controlled substance and possession of methamphetamine (Doc. 6). Pursuant to a written plea agreement and a petition to plead guilty, defendant entered a plea to count 2 of the indictment charging possession of a stolen firearm (Docs. 13 and 14). When defendant entered his guilty plea, the court conducted an inquiry required by Fed. R. Crim. P. 11(b) (Doc. 26). A presentence report was prepared (Doc. 15) and the court sentenced defendant to serve a term of 24 months imprisonment (Doc. 17). At all times, defendant was provided with a fully-qualified interpreter.

Defendant appealed but by its order of December 19, 2013, the Tenth Circuit dismissed the appeal as untimely. In its order, the court noted that defendant was making claims of actual innocence and the failure of his counsel to file a notice of appeal, claims which

could be brought pursuant to 28 U.S.C. § 2255 (Doc. 24).

Defendant raises five claims, which can be summarized as follows:

1. Failure by the court to advise defendant of his “Boyking trial rights” and failure to advise defendant pursuant to Rule 11;
2. Ineffective assistance of counsel for failing to argue that “at his removal proceedings, petitioner was not advised of his right to appeal or right to counsel Spanish. The failure to argue that there were irregularities in the underlying deportation order on which his charge of illegal reentry was predicated. There is no record of petitioner validly waiving his right to counsel in his removal proceeding”;
3. Ineffective assistance of counsel for not assuring there was an adequate factual basis for his guilty plea and the evidence was insufficient to sustain his conviction. “There is no direct or circumstantial evidence that proves petitioner’s intent to knowingly participate in any conspiracy”;
4. Ineffective assistance of counsel for not providing defendant the opportunity to “allocate” at sentencing;
5. Ineffective assistance of counsel because “. . . as a potential basis for direct appeal are almost never suitable because the record almost inevitably will contain the crucial information for assuming them properly petitioner wanted to seek evidentiary support for ineffective assistance claim outside the trial’s record and thus

present the claim in a post conviction motion."

Claim number 1 is rejected. The court is satisfied that he adequately informed defendant of all his rights, that defendant acknowledged his understanding of those rights and that by pleading guilty, he was giving up virtually all of the rights. The court does not know what "Boyking trial rights" are.

Claim number 2 is rejected because defendant was not charged with illegally reentering the United States and irregularities, if any, at his prior deportation proceedings (four are noted in the PSR) are irrelevant.

Claim number 3 is rejected for two reasons: first, defendant was not charged with a conspiracy. Second, the plea agreement contained the following factual basis, which defendant swore was true and complete:

> On March 19, 2013, the defendant was arrested in Wichita, Kansas, by Wichita police officers following a chase and the officers' discovery of a Raven Arms, .25 caliber semi-automatic handgun on his person. The defendant admitted he had stolen the gun from a residence where he had earlier obtained methamphetamine. Raven Arms firearms are not produced in Kansas and the gun discovered in the possession of the defendant would have traveled in interstate commerce prior to its discovery by police officers on March 19, 2013.

(Doc. 14 at 2). The petition, which defendant likewise swore to, contained a similar factual basis.

Claim number 4 is rejected because defendant was given the opportunity to allocute at sentencing, and did so:

> THE COURT: Mr. Navarrete-Pena, have you had an opportunity to review the presentence report and discuss it with Mr. Henderson?

DEFENDANT: Yes, sir.

THE COURT: Is there anything in the report that you want to change or correct?

DEFENDANT: No, sir.

THE COURT: Are you still satisfied with the way he's handling your case?

INTERPRETER: Yes, sir.

THE COURT: What do you have to say about a sentence?

INTERPRETER: Before anything else, I just want to say I'm sorry about all of this. I'm gonna try to be a better person. You have the authority, so I'm in your hands now.

THE COURT: You know, this is getting to be a broken record here. Can't you understand that you cannot be in the United States legally? Is that something you just can't get through your head?

INTERPRETER: I do understand that and I'm never coming back to the States again.

THE COURT: Yeah, you know how many times I've heard that? Hundreds. Everybody in your shoes says they're never coming back. Some of 'em come back the next day. Some of 'em come back in a few months. But they all come back. You're lying to me. And I don't like to be lied to. That just cost you some additional time in the penitentiary because you just lied to me. You've come back and you've come back and you've come back. And you didn't need to hear it from a judge. You knew you couldn't be in the United States legally.

INTERPRETER: I promise I'm not going to come back and I'm going to use this time so that I can learn not to use drugs any more.

THE COURT: What do you say -- go ahead. I'm sorry. I didn't mean to interrupt you.

INTERPRETER: I give you my word, you won't see me again here in this country. There's nothing else I can say. Even though I have family here, she can take them down there. I won't come back here. And I'm not lying.

Claim number 5 is rejected, in part because it makes no sense. It is true that defendant's counsel, an experienced federal public defender, did not take a direct appeal. (The court advised defendant of his right to appeal at sentencing: "You may appeal, sir, if you wish, Mr. Henderson can advise you about that. If you don't wish to appeal, there is a form he will go over with you.") Defendant does not state that he requested counsel to pursue an appeal so there is no basis in the record to find, or even assume, that counsel was ineffective. Moreover, defendant waived his right to appeal in the plea agreement (Doc. 14 ¶ 10) and the court covered the waiver with him during the Rule 11 colloquy. There is no reason to think that the waiver would not have been enforced by the Tenth Circuit. Defendant does not state what issues he wished to raise on direct appeal which would have been successful and the court cannot imagine what they could be in light of the entire record. (Defendant did not raise a claim of actual innocense in his § 2255 motion).

In conclusion, pursuant to 28 U.S.C. § 2255(b) and Rule 4 of the rules pertaining to such motions, the court determines that the motion

and the files and records of the case conclusively show that defendant is entitled to no relief. Defendant's motion is denied.

IT IS SO ORDERED.

Dated this 19th day of March 2014, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE